THIS OPINION
IS A PRECEDENT
OF THE T.T.A.B.

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Lykos

Mailed: March 17, 2009

Opposition No. 91176641

SCHERING-PLOUGH ANIMAL HEALTH
CORPORATION

v.

AQUA GEN AS

Before Quinn, Walters, and Taylor, Administrative Trademark Judges.

By the Board:

This case now comes before the Board for consideration of applicant's motion, filed January 5, 2009, to partially dismiss the opposition. The motion is contested.

By way of relevant background, on April 6, 2007, opposer filed a notice of opposition against two applications owned by applicant -- Application Serial Nos. 75829322 and 75829323. Shortly after institution of this opposition, proceedings were suspended on May 14, 2007 to allow the parties time to engage in settlement discussions. Thereafter, on December 9, 2008, one of the involved applications, Application Serial No. 75829323, inadvertently registered. This application was also the subject of Opposition No. 91175866 in which a third party, as opposer

1

in that case, withdrew its opposition on September 30, 2008. The registration inadvertently issued as a result of the dismissal in that proceeding.

Applicant has moved for partial dismissal of this opposition proceeding as to the inadvertently registered application. For the reasons set forth below, applicant's motion is denied.

In this case, opposer timely filed a proper notice of opposition against Application Serial No. 75829323, and the opposition has not been dismissed by the Board. A registration will be deemed to have been issued inadvertently if it issues despite a notice of opposition or a request for extension of time to oppose being timely and properly filed. *See Quality S. Manufacturing Inc. v. Tork Lift Central Welding of Kent, Inc.,* 60 USPQ2d 1703 (Comm'r 2000). Thus, the registration was inadvertently issued. The fact that the application was inadvertently forwarded for issuance of a registration during the course of this proceeding cannot, under any reasonable view, provide applicant with a ground for seeking dismissal. In such situations, the proper action by a party is to inform the Board promptly, by phone or in writing, of the inadvertent issuance of the registration so that the Board may request the appropriate action by the Director *without requesting dismissal of the case.* To rectify this matter, the Director

has cancelled the registration and restored the application to pending status.

By filing an untenable motion to dismiss when the application was the subject of a pending opposition and therefore simply inadvertently matured into a registration, counsel for applicant unnecessarily delayed this proceeding, and increased the litigation costs to both parties. Further, the Board's resources were wasted by having to rule on this unnecessary motion. Counsel for applicant is reminded of his obligations pursuant to Fed. R. Civ. P. 11, that when filing a motion, he is certifying that all claims and other legal contentions asserted therein are warranted by existing law or by a nonfrivilous argument for the extension, modification, or reversal of existing law, and are not made for purposes of harassment or delay.

The filing of a motion to dismiss in this instance represents a misunderstanding of Board practice and procedure. Under the circumstances presented herein, and to more closely manage the prosecution and defense of this proceeding, counsel for applicant and his co-counsel must first secure permission from the appropriate interlocutory attorney by telephone before filing any unconsented or unstipulated motion in this matter. *See generally* TBMP Section 527.03 (2d ed. rev. 2004) and authorities cited therein; s*ee also Carrini Inc. v. Carla Carini S.R.L.*, 57

3

USPQ2d 1067, 1071 (TTAB 2000) ("Board possesses the inherent authority to control the disposition of cases on its docket"); *International Finance Corp. v. Bravo Co.*, 64 USPQ2d 1597, 1604 n.23 (TTAB 2002) (Board prohibited opposer from filing any further motions to compel without prior Board permission).

Proceedings herein are resumed. Applicant is allowed until THIRTY (30) days from the mailing date of this order to file an answer to the notice of opposition. The close of discovery and trial dates, are reset as follows:

THE PERIOD FOR DISCOVERY TO CLOSE: 8/1/09

30-day testimony period for party in
position of plaintiff to close: 10/30/09

30-day testimony period for party in
position of defendant to close: 12/29/09

15-day rebuttal testimony period for
party in position of plaintiff
to close: 2/12/10

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b).

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

4

**NEWS FROM THE TTAB**:

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242. By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended. Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007. For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date. However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board. Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval. The standard protective order can be viewed using the following web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm